## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

06 AUG 17 PM 3: 53

UNIFUND CORPORATION
10625 Techwoods Circle
Cincinnati, Ohio 45242
    and
UNIFUND CCR PARTNERS
10625 Techwoods Circle
Cincinnati, Ohio 45242

                    Plaintiffs,

    -vs-

PETER SALOMON
10014 Grove Drive, Suite C
Port Richie, Florida 34668

                    Defendant.

Case No. **1:06 CV 544**

(JUDGE **SPIEGEL, J.** )

**VERIFIED COMPLAINT OF PLAINTIFFS UNIFUND CORPORATION AND UNIFUND CCR PARTNERS SEEKING TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND OTHER APPROPRIATE LEGAL REMEDIES**

Plaintiffs Unifund Corporation and Unifund CCR Partners ("Plaintiffs"), for their Verified Complaint against Defendant Peter Salomon ("Defendant" or "Mr. Salomon"), hereby state as follows:

### PARTIES

1.    Unifund Corporation is an Ohio corporation with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

2.    Unifund CCR Partners is a New York general partnership with its primary place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242. It is, and at all times pertinent to this litigation has been, affiliated with Unifund Corporation.

3.    Upon information and belief, Mr. Salomon is a Florida resident with a mailing address of 10014 Grove Drive, Suite C, Port Richey, Florida 34668.

### NATURE OF THE ACTION

4.    Plaintiffs initiate this action due to Defendant's willful and unlawful use, reproduction, and imitation of Plaintiffs' intellectual property, including a registered trademark

owned by Unifund Corporation. Specifically, Defendant has registered a business name in Florida of Unifund C.C.R. Partners, Inc. However, because Unifund Corporation properly owns all rights and interests in the registered "UNIFUND®" trademark, Defendant's use of the trade name Unifund C.C.R. Partners, Inc. is unlawful and likely to cause confusion.

5.       Furthermore, Defendant has tortiously interfered with Plaintiffs' business relationships and potentially exposed Plaintiffs to unnecessary liability. For instance, Defendant has received correspondence intended for Plaintiffs, including mail related to litigation involving Plaintiffs in the State of Florida, and Defendant has refused to deliver these materials to Defendant. Furthermore, Defendant has brazenly stated, in writing, that he intends to respond to this mail properly intended for Plaintiffs including responding to litigation matters involving Plaintiffs in the State of Florida.

6.       Accordingly, as will be set forth more fully below and in the accompanying Motion for Temporary Restraining Order, Plaintiffs have been severely and irreparably harmed by Defendant's conduct, and will continue to be severely and irreparably harmed if they are not provided immediate injunctive relief. Therefore, Plaintiffs initiate this litigation seeking appropriate injunctive relief to preclude Defendant from further use of Plaintiffs' intellectual property and for other appropriate relief, including, but not limited to, disgorgement of any profits illegally obtained by Defendant, compensatory damages, and payment of Plaintiffs' reasonable attorney fees.

## JURISDICTION AND VENUE

7.       This Court has subject matter jurisdiction over this litigation because it involves federal question issues governed by the Lanham Act. Specifically, jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1121. Additionally, this Court has supplemental jurisdiction over the state law claims asserted in this litigation pursuant to 289 U.S.C. § 1367.

8.     Furthermore, this Court has personal jurisdiction over this matter because the principal place of business of both Plaintiffs Unifund Corporation and Unifund CCR Partners is located in Hamilton County, Ohio, and the effects of Defendant's conduct are felt primarily in Hamilton County, Ohio. Furthermore, jurisdiction over Defendant is appropriate under Ohio's long arm statute and because personal jurisdiction over Defendant comports with due process. Moreover, by engaging in conduct intentionally designed to impact Plaintiffs in Ohio, and by disseminating and distributing correspondence into the State of Ohio, Defendant has entered the State of Ohio for purposes of this Court conferring jurisdiction over Defendant.

9.     Furthermore, venue is appropriate in this Court as a result of Plaintiffs maintaining their principal place of business in Hamilton County, Ohio, and because the effects of Defendant's unlawful conduct are felt primarily in Hamilton County, Ohio.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Since at least 1985, Plaintiffs have offered debt acquisition, recovery and collection services under the trademark "UNIFUND." On July 2, 1998, Unifund Corporation filed an application for registration of the "UNIFUND" trademark with the United States Patent and Trademark Office ("USPTO"). On January 18, 2000, Unifund Corporation received a registration for the UNIFUND mark from the USPTO (Registration No. 2308699) (the "UNIFUND®" trademark), which is now used and enforceable. Unifund Corporation and its affiliates currently own all rights and interests in the UNIFUND® trademark. Unifund Corporation and its affiliates also own all common law rights and interests in the UNIFUND trademark (the registered trademark and common law rights collectively referred to as "UNIFUND Trademark").

11.     Since at least 1985 and continuing to present, Unifund Corporation has extensively used, advertised and promoted its UNIFUND Trademark in a majority of the United States,

3

including Florida. Unifund Corporation used the UNIFUND Trademark by prominently displaying the mark as part of its business operations.

12. By virtue of Unifund Corporation's extensive use, advertising and promotion of its services, Unifund Corporation's services are well-known and favorably known in the United States. The UNIFUND Trademark has come to designate the services of Unifund Corporation and no other, so that the goodwill acquired and represented by the UNIFUND Trademark is of great value to Unifund Corporation. Unifund Corporation has acquired a distinctive reputation with the public through the use, advertising and promotion of the UNIFUND Trademark.

13. Because of Unifund Corporation's extensive use, advertising and promotion of its services under the UNIFUND Trademark, the common law and registered trademark have become famous.

14. Unifund Corporation has taken all reasonably necessary steps to preserve and protect its intellectual property, including, but not limited to, the UNIFUND Trademark, in the State of Florida. Moreover, Plaintiff Unifund CCR Partners has submitted the appropriate documentation to identify it as a partnership doing business in the State of Florida.

15. On or about July 25, 2006, Defendant contacted Plaintiffs and informed them that he had registered the business name Unifund C.C.R. Partners, Inc. virtually the exact name maintained and utilized by Plaintiff Unifund CCR Partners for many years, with the Florida Secretary of State. Attached hereto as Exhibit 1 and incorporated by reference as if fully restated herein, is a true and accurate copy of a printout from the Florida Secretary of State Registered Name Information Search reflecting the Unifund C.C.R. Partners business name was registered by Defendant on July 3, 2006.

16. Additionally, during the July 25, 2006 telephone conversation, Defendant informed Plaintiffs' representatives that Defendant was receiving mail which appeared to be intended for

4

Plaintiffs. Defendant further informed Plaintiffs that he was unwilling to forward this mail to Plaintiffs.

17.     Defendant's use of Plaintiffs' intellectual property, including specifically the UNIFUND Trademark owned by Unifund Corporation, without the consent of Unifund Corporation, is likely to cause confusion, mistake, or deceive consumers as to the source of such services or as to the affiliation, connection or association of Defendant with Plaintiffs. Moreover, Defendant's use of Plaintiffs' intellectual property is substantially likely to dilute or tarnish Plaintiffs' intellectual property.

18.     As a clear example of the likelihood for confusion, Defendant has, upon information and belief, received copies of pleadings and other material relating to litigation pending in the State of Florida which were intended to be directed to Plaintiffs.

19.     As a further extreme example of Defendant's misappropriation of Plaintiffs' intellectual property, willfully unlawful conduct, and the need for immediate injunctive relief, Defendant has further represented that he intends to respond to the pleadings and other materials he has received which are intended for Plaintiffs.

20.     Upon becoming aware of Mr. Salomon's unlawful use of Plaintiffs' intellectual property, and his tortious interference with Plaintiffs' business relationships, Plaintiffs, through counsel, issued a cease and desist letter to Defendant on July 26, 2006. A true and accurate copy of the cease and desist letter is attached hereto as Exhibit 2 and incorporated by reference as if fully restated herein.

21.     In response to Plaintiffs' cease and desist letter, Defendant sent correspondence, via facsimile, to Plaintiffs' counsel on August 1, 2006. A true and accurate copy of the August 1 correspondence is attached hereto as Exhibit 3 and incorporated by reference as if fully restated

herein. The letter suggested that Defendant would not agree to refrain from utilizing Plaintiffs' business name and intellectual property, and further stated that he was refusing to immediately deliver any of the materials he had received which were intended for Plaintiffs.

22.     On August 1, 2006, Defendant also sent e-mail correspondence to Plaintiffs' counsel. A true and accurate copy the e-mail correspondence is attached hereto as Exhibit 4 and incorporated by reference as if fully restated herein. In that e-mail correspondence, Defendant explicitly stated that he was refusing to cease and desist using Plaintiffs' intellectual property, stating, "I will conduct my business . . . ." Additionally, Defendant also explicitly stated that he would not deliver mail to Plaintiffs received by Defendant but obviously intended for Plaintiffs, stating, "[A]s long as correspondence, service, letters have our name and address on it you nor your client will get it [sic]."

23.     Additionally, on August 4, 2006, Defendant sent additional e-mail correspondence to Plaintiffs' counsel. A true and accurate copy of this e-mail correspondence is attached hereto as Exhibit 5 and incorporated by reference as if fully restated herein. In this correspondence, Defendant again expressed that he intended to conduct business under Plaintiffs' name. Defendant also stated that he intended to respond to legal process papers received by him (but clearly intended for Plaintiffs), stating, "I will have to answer [them] since they were directed and delivered to us."

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT - VIOLATION OF § 32 OF THE LANHAM ACT**
**INJUNCTIVE RELIEF**

24.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

25.     Unifund Corporation owns registered and common law rights in the UNIFUND Trademark. Under 15 U.S.C. § 1115, the registered trademark is *prima facie* evidence of the validity of the mark and of Unifund Corporation's exclusive right to use the registered mark in commerce.

6

26.     Defendant has unlawfully misappropriated, used and infringed upon Unifund Corporation's UNIFUND Trademark.

27.     Defendant's unlawful use of the UNIFUND Trademark is significantly likely to cause confusion, mistake, or deceive consumers.  Furthermore, Defendant has actively engaged in conduct to cause confusion or deception, and interfere with Plaintiffs' business relationships, by improperly contacting debtors of Plaintiff Unifund CCR Partners and attempting to illegally and improperly discharge the debtor's obligations to Plaintiff Unifund CCR Partners.  Neither Unifund Corporation nor any of its affiliates have given Defendant permission to use the UNIFUND Trademark.

28.     Defendant's conduct constitutes unlawful infringement of Plaintiffs' intellectual property and registered trademark as precluded by Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.     Defendant's conduct has caused, and will continue to cause, Unifund Corporation, and its affiliates, to suffer severe, immediate, and irreparable injury for which Unifund Corporation has no adequate remedy at law.

30.     In order to prevent Unifund Corporation from continuing to suffer severe, immediate, and irreparable injury, Unifund Corporation is entitled to immediate injunctive relief pursuant to 15 U.S.C. § 1116 to enjoin Defendant from using, distributing, maintaining, or otherwise infringing upon Unifund Corporation's registered trademark.

31.     Unifund Corporation specifically requests an immediate Temporary Restraining Order to preclude Defendant from infringing upon and improperly utilizing Plaintiffs' intellectual property, as well as Preliminary and Permanent Injunctive Relief.  Unifund Corporation will provide an appropriate bond, in an amount set by the Court, as security for any Temporary Restraining Order issued by the Court.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE LANHAM ACT – DISGORGEMENT OF PROFITS

32.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

33.     Defendant's misappropriation of Unifund Corporation's intellectual property constitutes an unlawful infringement of Unifund Corporation's registered trademark. Moreover, Defendant's infringement of the registered trademark has occurred willfully.

34.     Upon information and belief, Defendant has unjustly profited by his unlawful actions.

35.     Accordingly, pursuant to 15 U.S.C. § 1117, Unifund Corporation is entitled to recover any profits unlawfully obtained by Defendant as a direct and proximate result of Defendant's unlawful conduct.

36.     Furthermore, as a direct and proximate result of Defendant's willful infringement of Unifund Corporation's registered trademark, Unifund Corporation is entitled under 15 U.S.C. § 1117 to damages, in an amount to be determined at trial, and its reasonable attorney fees and costs incurred in pursuing this litigation.

## THIRD CAUSE OF ACTION
## VIOLATION OF § 43(A) OF THE LANHAM ACT

37.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

38.     Defendant has violated Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a), by using a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiffs as to the origin, sponsorship or approval of its products.

39.     Defendant has unjustly profited by his unlawful actions.

8

40.     Plaintiffs have been and continue to be damaged by Defendant's unlawful actions.

41.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## FOURTH CAUSE OF ACTION
### VIOLATION OF § 43(C) OF THE LANHAM ACT

42.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

43.     Defendant's use of Plaintiffs' famous UNIFUND Trademark without the consent of Plaintiffs will tend to and does dilute the distinctive quality of said mark and will diminish and destroy the public association of said mark with Plaintiffs in violation of 15 U.S.C. § 1125(c).

44.     Upon information and belief, Defendant's acts of infringement have been willful with the intention to trade on the reputation of Plaintiffs and to cause dilution of the Plaintiffs' famous mark.

45.     Defendant has unjustly profited by his unlawful actions.

46.     Plaintiffs have been and continue to be damaged by Defendant's unlawful actions.

47.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## FIFTH CAUSE OF ACTION
### OHIO UNIFORM DECEPTIVE TRADE PRACTICES ACT

48.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

49.     Through the activities described above, Defendant has willfully violated the Ohio Uniform Deceptive Trade Practices Act, Ohio Revised Code § 4165.02, by causing likelihood of

9

confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection or association with Plaintiffs.

50.     Upon information and belief, Defendant's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

51.     Plaintiffs have been and continue to be damaged by Defendant's unlawful actions.

52.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## SIXTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

53.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

54.     Defendant's use of the UNIFUND Trademark constitutes trademark infringement under the common law of the State of Ohio.

55.     Upon information and belief, Defendant's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

56.     Plaintiffs have been and continue to be damaged by Defendant's infringement.

57.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## SEVENTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

58.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein

59.     The acts described above reflect Defendant's scheme by which he, without authority, consent or privilege, intends to imitate or pass off his business as that of Unifund Corporation or a

business that has received the sponsorship or approval of Unifund Corporation. Such conduct constitutes unfair competition in violation of the common law of the State of Ohio.

60.     Upon information and belief, Defendant's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

61.     Plaintiffs have been and continue to be damaged by Defendant's unfair competition.

62.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## EIGHTH CAUSE OF ACTION
### COMMON LAW DILUTION

63.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein

64.     Defendant's use of the famous UNIFUND Trademark without consent of Plaintiffs has caused and will cause dilution of the distinctive character of the UNIFUND Trademark by damaging the positive associations attached to the UNIFUND Trademark, in violation of the common law of the State of Ohio.

65.     Upon information and belief, Defendant's acts of infringement have been willful with the intention to trade on the reputation of Plaintiffs and to cause dilution of Plaintiffs' famous marks.

66.     Plaintiffs have been and continue to be damaged as a direct and proximate result of Defendant's illegal activities.

67.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## NINTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH PLAINTIFFS' BUSINESS RELATIONSHIPS

68.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein

11

69.     Defendant has knowingly, intentionally, willfully, and/or recklessly utilized Plaintiffs' intellectual property, including the registered trademark owned by Unifund Corporation, to interfere with business relationships in the State of Florida without privilege, justification, or cause. For instance, Defendant has received copies of correspondence and legal documents intended for Plaintiffs (which further evidences the substantially high likelihood of confusion associated with Defendant's use of Plaintiffs' intellectual property), and refused to deliver these materials to Plaintiffs. Moreover, Defendant has expressed his intention to respond to legal proceedings directed to Plaintiffs, thereby potentially jeopardizing Plaintiffs' rights and interests in those legal proceedings, and potentially exposing Plaintiffs to liability.

70.     Such conduct by Defendant constitutes a tortious interference with Plaintiffs' existing business relationships.

71.     As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount to be determined at trial.

72.     Furthermore, as a direct and proximate result of Defendant's conduct, Plaintiffs are entitled to immediate injunctive relief to enjoin Defendant from making any further contact or interference with Plaintiffs' business relationships.

## TENTH CAUSE OF ACTION
### PUNITIVE DAMAGES

73.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully restated herein.

74.     Defendant's knowing, willful, reckless, and/or malicious misappropriation of Plaintiffs' intellectual property and tortious interference with Plaintiffs' business relationships entitles Plaintiffs to exemplary damages from Defendant in an amount to be determined at trial.

12

WHEREFORE, Plaintiffs Unifund Corporation and Unifund CCR Partners respectfully request this Court award them relief as follows:

A.      Temporary Restraining Order enjoining Defendant from any use or further infringement of Plaintiffs' intellectual property, and enjoining Defendant from making any further contact or interference with any of Plaintiffs' business relationships;

B.      Preliminary Restraining Order enjoining Defendant from any use or further infringement of Plaintiffs' intellectual property, and enjoining Defendant from making any further contact or interference with any of Plaintiffs' business relationships;

C.      Permanent Injunction enjoining Defendant from any use or further infringement of Plaintiffs' intellectual property, and enjoining Defendant from making any further contact or interference with any of Plaintiffs' business relationships;

D.      Disgorgement of any profits unlawfully obtained by utilizing Plaintiffs' intellectual property;

E.      Compensatory damages in an amount to be determined at trial;

F.      Exemplary damages in an amount to be determined at trial;

G.      Reasonable attorney fees and costs incurred in pursuing this litigation; and

H.      Any other relief this Court deems just or appropriate.

Respectfully submitted,

H. Toby Schisler, Esq. (0068306)
    toby.schisler@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:    (513) 977-8141
**Attorney for Plaintiffs Unifund**
**Corporation and Unifund CCR Partners**

OF COUNSEL:
Alan H. Abes, Esq. (0062423)
    alan.abes@dinslaw.com
DINSMORE & SHOHL LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
Phone:  (513) 977-8200
Fax:    (513) 977-8141

## **VERIFICATION**

STATE OF OHIO          )
                       ) SS:
COUNTY OF HAMILTON     )

I, Jeffrey A. Shaffer, having been first duly sworn, state that I am a duly authorized representative of Unifund Corporation and Unifund CCR Partners, and I have read the foregoing Verified Complaint. On behalf of Unifund Corporation and Unifund CCR Partners, I state that the alleged allegations and statements contained therein are true and correct to the best of my knowledge, information, and belief.

Sworn to and subscribed before me, this the 15th day of August, 2006.

Notary Public

DEBRA A. NEWMAN
Notary Public, State of Ohio
My Commission Expires 06-18-10

15