**EXHIBIT 1**



# Florida Profit

## UNIFUND CCR PARTNERS, INC.

PRINCIPAL ADDRESS
10014 GROVE DRIVE
SUITE C
PORT RICHEY FL 34668 US

MAILING ADDRESS
10014 GROVE DRIVE
SUITE C
PORT RICHEY FL 34668 US

| Document Number | FEI Number | Date Filed |
|---|---|---|
| P06000088917 | NONE | 07/03/2006 |

| State | Status | Effective Date |
|---|---|---|
| FL | ACTIVE | 07/03/2006 |

## Registered Agent

| Name & Address |
|---|
| SALOMON, PETER
10014 GROVE DR.
SUITE C
PORT RICHEY FL 34668 |

## Officer/Director Detail

| Name & Address | Title |
|---|---|
| SALOMON, PETER
10014 GROVE DR.
PORT RICHEY FL 34668 US | P.VP |
| SALOMON, PETER
10014 GROVE DR
PORT RICHEY FL 34668 US | SECY |
| SALOMON, PETER
10014 GROVE DR.
PORT RICHEY FL 34668 US | TRS |

**EXHIBIT 1**

## Annual Reports

| Report Year | Filed Date |
|---|---|
| | |

[ Previous Filing ]    [ Return to List ]    [ Next Filing ]

No Events
No Name History Information

## Document Images

Listed below are the images available for this filing.

07/03/2006 -- Domestic Profit

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry          Corporations Help

# EXHIBIT 2

# Dinsmore&Shohl LLP
ATTORNEYS

Alan H. Abes
513-977-8149
alan.abes@dinslaw.com

July 26, 2006

**VIA FEDERAL EXPRESS**
Mr. Peter Salomon
10014 Grove Dr., Suite C
Port Richey, FL 34668

Re: Unifund CCR Partners

Dear Mr. Salomon:

We represent Unifund CCR Partners, a New York general partnership with its principal place of business in Ohio, and its affiliates (collectively, "Unifund"). This letter is in response to a call you placed to Unifund yesterday. During that call, you advised Unifund that you registered a company called "Unifund CCR Partners, Inc." in the State of Florida. You further advised that you are in receipt of mail apparently belonging to Unifund, and despite the fact that you initiated the call, you refused to forward that mail to Unifund. At least some of the mail you have received appears from your description to be service of process from courts. You refused to return that mail to the applicable courts. You also claimed to have researched Unifund's business operations <u>before</u> registering your company name. We have since confirmed your filing with the Florida Secretary of State.

Unifund hereby demands that you immediately cease and desist with any further use of the name "Unifund CCR Partners, Inc." or any similar name containing the "Unifund" trade name.

Unifund Corporation, an affiliate of Unifund, owns all rights and interest in the UNIFUND trademark, pursuant to a trademark registered with the United States Patent and Trademark Office on January 18, 2000 (Registration No. 2308699). In addition, Unifund and its affiliates have acquired strong statutory and common law rights in the UNIFUND trade name and mark through their continued use of the UNIFUND name and mark in commerce since 1985 and pursuant to the federal registration.

**EXHIBIT 2**

255 East Fifth Street, Suite 1900 Cincinnati, OH 45202
513.977.8200 513.977.8141 fax www.dinslaw.com

Charleston    Cincinnati    Columbus    Dayton    Lexington    Louisville    Pittsburgh

Mr. Peter Salomon
July 26, 2006
Page 2

Your use of the Unifund name is likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection or association between you and the Unifund group of companies. Such use is also likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval by Unifund of your usage of the name Unifund. In fact, you admitted that you are receiving mail, including service of process, apparently intended for Unifund, which is evidence of actual confusion.

Consequently, any continued use by you of the UNIFUND name or trademark in any formulation within the State of Florida or elsewhere, regardless of any trade name registration, is a violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(A)(§§ 32, 43(a) of the Lanham Trademark Act, as well as applicable state and common law.

The UNIFUND trade name and mark represents a significant and valuable asset of the Unifund group of companies, and the Unifund group invests substantial time and money in protecting its name and the associated goodwill. Accordingly, this letter serves as formal notice that you immediately cease and desist with any further unauthorized use of the UNIFUND name, including termination of the trade name registration of "Unifund CCR Partners, Inc." in Florida.

You are also instructed to immediately forward all mail currently received or later received, and which is intended for Unifund, to the appropriate persons. Your intentional refusal to return mail which you know is not intended for you may also be in violation of law. If you dispose of any such mail or refuse to place it in the appropriate channels for delivery to Unifund or return to sender, you may be liable for all such violations.

Unifund and its affiliates are prepared to take all appropriate actions to protect their rights to the UNIFUND name, including but not limited to filing an action to enjoin your activities and to seek all money damages incurred. Your actions are clearly intentional and done with malice. At a minimum, your actions violate the Lanham Act, constitute a deceptive trade practice, trademark infringement, tortious interference with business relations, unfair competition, and the dilution of Unifund's name, and otherwise warrant punitive damages.

We look forward to your prompt compliance. Any further inquiries regarding this matter should be addressed to me until further notice.

Sincerely yours,

Alan H. Abes

AHA/js

Dinsmore&Shohl LLP

# EXHIBIT 3

Peter J. Salomon
10014 Grove Dr.
Port Richey, Fl. 34668



Alan H. Abes
Dinsmore & Shohl
2255 Fifth Street Suite 1900
Cincinnati, Ohio 45202

## Fax: 513-977-8141 Page 1 of 4

Mr. Abel:

I am in receipt of your enclosed letter of July 26th, 2006.

First of all, before you start something that may very well prove to be to your and your client's detriment; it would be wise and prudent to first get what you allege to be facts straight.

When I spoke with your representative I stated to her that I was guessing that the processes that I received may belong to the entity that she works for. I also stated to her that there wasn't anything within said documents that identified your client as the intended recipient. It was out of pure courtesy that I called. If in fact these documents pertain to your client then there is something obviously wrong with the way your client has been doing business within this state.

Furthermore: I stated to her that I researched with the Florida Department of State prior to my registration.

I never stated to her that I refused to provide her with any copies of the above stated documents. I did state that it was impossible for me to determine whom the said documents were directed to, since it was clearly addressed to us. I did state to her for the purpose of

**EXHIBIT 3**

covering myself legally that she request copies of said stated documents in writing. As a result I will forward copies to your office via Federal Express if you agree to pay for it or by regular mail if you do not. Please advise me as soon as possible.

Nothing addressed to us will be forwarded to you immediately. Let us have that understanding and also understand that litigation regarding this matter, along with its costs does not Intimidate me.

Having said that; I strongly urge you to "tone it down". I have a feeling that this matter may create needless, unnecessary issues, costs, fines, and fees.

My business does not in any way shape or form competes with your client's. I am familiar with the Lanham Act, the U.S. Codes that you address within your letter and having said that I can also site some things to you; statutes, case law, etc. but at this point I do not feel that I must take a combative stance and get the attorneys involved.

I have no idea other than attempting to position yourself legally why you would state that my actions are intentional. Malicious, or Deceptive. If that were true, I would not have bothered to call your client.

The only ones that seem to be creating confusion, mistake, and deception is your client.

If you want to resolve this matter please feel free to contact me but once again; anything addressed to us and not identifying your client will not as you demand will not be immediately forwarded to you

Sincerely,

Peter J. Salomon
Unifund CCR Partners, Inc.

727-271-2889

# Dinsmore&Shohl LLP
ATTORNEYS

Alan H. Abes
513-977-8149
alan.abes@dinslaw.com

July 26, 2006

**VIA FEDERAL EXPRESS**
Mr. Peter Salomon
10014 Grove Dr., Suite C
Port Richey, FL 34668

    Re:    Unifund CCR Partners

Dear Mr. Salomon:

    We represent Unifund CCR Partners, a New York general partnership with its principal place of business in Ohio, and its affiliates (collectively, "Unifund"). This letter is in response to a call you placed to Unifund yesterday. During that call, you advised Unifund that you registered a company called "Unifund CCR Partners, Inc." in the State of Florida. You further advised that you are in receipt of mail apparently belonging to Unifund, and despite the fact that you initiated the call, you refused to forward that mail to Unifund. At least some of the mail you have received appears from your description to be service of process from courts. You refused to return that mail to the applicable courts. You also claimed to have researched Unifund's business operations *before* registering your company name. We have since confirmed your filing with the Florida Secretary of State.

    Unifund hereby demands that you immediately cease and desist with any further use of the name "Unifund CCR Partners, Inc." or any similar name containing the "Unifund" trade name.

    Unifund Corporation, an affiliate of Unifund, owns all rights and interest in the UNIFUND trademark, pursuant to a trademark registered with the United States Patent and Trademark Office on January 18, 2000 (Registration No. 2308699). In addition, Unifund and its affiliates have acquired strong statutory and common law rights in the UNIFUND trade name and mark through their continued use of the UNIFUND name and mark in commerce since 1985 and pursuant to the federal registration.

255 East Fifth Street, Suite 1900 Cincinnati, OH 45202
513.977.8200 513.977.8141 fax www.dinslaw.com

Charleston   Cincinnati   Columbus   Dayton   Lexington   Louisville   Pittsburgh

Mr. Peter Salomon
July 26, 2006
Page 2

Your use of the Unifund name is likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection or association between you and the Unifund group of companies. Such use is also likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval by Unifund of your usage of the name Unifund. In fact, you admitted that you are receiving mail, including service of process, apparently intended for Unifund, which is evidence of actual confusion.

Consequently, any continued use by you of the UNIFUND name or trademark in any formulation within the State of Florida or elsewhere, regardless of any trade name registration, is a violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(A)(§§ 32, 43(a) of the Lanham Trademark Act, as well as applicable state and common law.

The UNIFUND trade name and mark represents a significant and valuable asset of the Unifund group of companies, and the Unifund group invests substantial time and money in protecting its name and the associated goodwill. Accordingly, this letter serves as formal notice that you immediately cease and desist with any further unauthorized use of the UNIFUND name, including termination of the trade name registration of "Unifund CCR Partners, Inc." in Florida.

You are also instructed to immediately forward all mail currently received or later received, and which is intended for Unifund, to the appropriate persons. Your intentional refusal to return mail which you know is not intended for you may also be in violation of law. If you dispose of any such mail or refuse to place it in the appropriate channels for delivery to Unifund or return to sender, you may be liable for all such violations.

Unifund and its affiliates are prepared to take all appropriate actions to protect their rights to the UNIFUND name, including but not limited to filing an action to enjoin your activities and to seek all money damages incurred. Your actions are clearly intentional and done with malice. At a minimum, your actions violate the Lanham Act, constitute a deceptive trade practice, trademark infringement, tortious interference with business relations, unfair competition, and the dilution of Unifund's name, and otherwise warrant punitive damages.

We look forward to your prompt compliance. Any further inquiries regarding this matter should be addressed to me until further notice.

Sincerely yours,

Alan H. Abes

AHA/js

Dinsmore&Shohl LLP

**EXHIBIT 4**

**Schisler, Toby**

**From:** Abes, Alan
**Sent:** Wednesday, August 02, 2006 9:52 AM
**To:** Schisler, Toby
**Cc:** 'Patricia L. Baxter'; 'Debra Newman'
**Subject:** FW: Unifund CCR Partners, Inc.

---

**From:** P.J.S. [mailto:nypj1@yahoo.com]
**Sent:** Tuesday, August 01, 2006 9:38 PM
**To:** Abes, Alan
**Subject:** Unifund CCR Partners, Inc.

Alan H. Abes
Dinsmore & Shohl

Earlier today I left you a voice mail and sent a response via fax regarding your letter.

I took the time today to visit the Pasco County Court House and also sent an individual to the Pinellas County Court House.

If the entity described within volumes of lawsuits filed is your client; my non-attorney assessment of the situation is that it has many issues regarding litigation within this state that possibly total hundreds of thousands if not millions of dollars.

As a result of the content and tone of your letter my curiosity has been stimulated.

I have also been doing a bit of research on your client's company within the Internet this evening and I must say to my surprise that your client has had issues regarding filings of lawsuits in other states with regards the subject matter that you brought up within your letter. Furthermore; there are many individuals, including attorneys that would like to descend on your client like a plot within a Frankenstein movie.

Yesterday I was served again and once again nothing within the documents indicate that your client is the intended recipient.

How can you be so certain that these documents are your client's when nothing within the lawsuits filed, documents served, judgments entered against defendants do not clearly identify a plaintiff. A plaintiff not registered with the Florida Department of State.

Once again, it seems that if in fact we are discussing your client it has some serious issues regarding filing and maintaining lawsuits within the state of Florida.

Please, do not give me the "We filed a D.B.A.." routine as your client's employee, within its legal department stated to me. It is not as simple as that. It looks like one of several reasons why many have not caught on to all this is because I noticed that many defendants lack the funds, ability to hire an

8/17/2006

**EXHIBIT 4**

attorney and the ones that do hire attorneys that seem to be suckered into the Fictitious Name filing.

Setting aside what you allege are issues regarding Trademarks, Lanham, etc.; I am beginning to think that the issues that I am discovering, and once again, if it is your client; will certainly attract more attention, controversy and interesting media attention.

So again I say; "Tone it down" and if you can come up with a more reasonable solution, if it is your client we are corresponding about; let me know.

I will conduct my business; your client can conduct its business but it is your client's responsibility to undo the "confusion, mistakes, deceptions" within this state.

And again; as long as correspondence, service, letters have our name and address on it, you nor your client will get it.

However, as I stated within the letter that I faxed you; I will forward, at your expense copies of documents served, so you can determine whether or not it belongs to your client. .20 cents per copy of each page and the costs of mailing since you do not know whether or not they pertain to your client.

If these documents were addressed to your client it would be one thing and I would gladly send them at our expense but it is getting to be ridiculous and through no fault of ours but as a result of your client's inability, or failure to do business properly within this state. If in fact we are discussing your client.

Peter J. Salomon
727-271-2889

8/17/2006

**EXHIBIT 5**

### Schisler, Toby

**From:** Abes, Alan
**Sent:** Friday, August 04, 2006 11:50 AM
**To:** Schisler, Toby
**Subject:** FW: Unifund CCR Partners Inc./Us

---

**From:** P.J.S. [mailto:nypj1@yahoo.com]
**Sent:** Fri 8/4/2006 2:01 AM
**To:** Abes, Alan
**Subject:** Unifund CCR Partners Inc./Us

I assume the worse and prepared to Answer any Action/Claim, whether Federal or State, and for the record, and for all to see, and including all the proper entities.

Addressing your client's "Trademark" is a great start.

"A journey of a thousand miles, etc."

The Internet is a great thing. Not only can you have access to individuals, class action lawsuits, information, actual Decisions, and lawyers all over the country, on the web; but you also acquire names and phone numbers.

And frankly I am very impressed with Mr. Rosenthal's "Rags to riches" story. One day creditors are going after him and with a mere $20K........Wow; I had no idea about your client's principal, and exactly what type of businesses they are and how they do business.

You just peaked my curiosity with your letter.

Thank you.

All this is like a good book that you just can not put down and boy, do I like puzzles too.

And all I wanted to do was find out who these documents that I was receiving belonged to and what I got in return was a threatening letter from a law firm.

You know; sometimes quick wealth and fame just goes to people's heads. I helped start a company many years ago and I remember how several of my associates just had to let the world know everything about them; they just sucked up the publicity, ego took over. They made enemies, and as a result it cost them millions.

Many times individuals that get an ego boost as a result of self promotion just say things that are contrary to what they tell, document, and state to others. It is like the guy that has too much to drink and suddenly he becomes an honest man.

I am very low key, a very simple man and since I made my money the right way, I did not have to keep stories straight and remember what I previously said, or wrote.

**EXHIBIT 5**

8/17/2006

Self promotion, letting everyone know what a rich, great guy you are, and that you own a plane, toys, and mingle with the rich and famous when you are not conducting business the right way and you live off the misery of others is not a good idea.   I consider his profession an honorable one, just like a funeral director; a very necessary part of what makes the world turn.

However, I never met a funeral director that publicly bragged about how much money they made from the misery of others and they abide by the laws of the state, as well as federal regarding their businesses.

My grandmother would say: "When you are the monkey rapidly climbing up a tree after you just stole a banana...everyone has a shot at your ass".

I also live by the "Give to Caesar" what is his rule so I can sleep my 4-6 hours per night peacefully and wake up very alert.

I also found my 5 hours at the court house to be very productive. The clerks were not too happy but it is their job.

At $1.00 per copy; less than $300.00 gets you much information, names numbers, attorneys.

So...good luck ,and give it your best shot.

My offer to settle this matter in a mutually satisfactory way still stands I also want to send you the copies of documents served me, my company, at your expense. If they belong to your client then the clock is ticking and I will have to answer since they were directed and delivered to us. Nothing within said documents identifies your client.

8/17/2006