UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Unifund Corporation, et al.,           Case No. 1:06cv544

    Plaintiff,          Judge Barrett

v.

Peter Salomon,

    Defendant.

## OPINION AND ORDER

This matter is before this Court pursuant to the Motion for Temporary Restraining Order (Doc. 3) filed by Plaintiff. Defendant, *pro se*, filed a response to the Motion for Temporary Restraining Order (Doc. 10)[1]. A hearing was held on the motion on September 13, 2006 and continued on September 28, 2006. Defendant, *pro se,* appeared by telephone by permission of the Court on both dates. Counsel for Plaintiff, H. Toby Schisler, Esq. of Dinsmore & Shohl, LLP, appeared in person for the September 13, 2006 hearing and appeared by telephone by permission of the Court for the September 28, 2006 hearing. Having considered Plaintiff's Verified Complaint, including the attached exhibits, Plaintiff's Motion for Temporary Restraining Order, Defendant's response to that motion and the arguments of Counsel for Plaintiff and the

---

[1] This document is titled Defendant's Answer to Plaintiff's Complaint, Defendant's Motion for Change of Forum/Venue, Defendant's Motion for Dismissal of Temporary Restraining Order, Preliminary Injunction and Other Appropriate Legal Remedies. Plaintiffs filed a Motion for More Definite Statement or, Alternatively, to Strike Answer to Plaintiffs' Complaint, Motion for Change of Forum/Venue, Motion for Dismissal of TRO, Preliminary Injunction, and Other Appropriate Remedies (Doc. 11). The only matter currently ripe for review is the Motion for Temporary Restraining Order.

Defendant presented on the Record, Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is hereby DENIED.

1. <u>Background Information.</u>

Plaintiffs, Unifund Corporation and Unifund CCR Partners (collectively referred to as "Unifund"), allege that Defendant Peter Salomon is willfully infringing upon Unifund's intellectual property by using the registered "UNIFUND" trademark, and interfering with Unifund's business relationships.  Plaintiffs further allege that Defendant has received correspondence and legal process intended for Unifund and has threatened to respond to the legal service of process he has received that is allegedly intended for Unifund without permission to do so. (Doc. 1, ¶4, 5).

Defendant Peter Salomon is the incorporator and President of Unifund CCR Partners, Inc., a Florida corporation, which was incorporated on July 3, 2006 (Doc. 10, Exhibit 1-A).  Since the filing of the Complaint, the parties have come to an agreement while this matter is pending regarding the correspondence and legal process that Defendant is receiving and that which is allegedly intended for Plaintiff.  Defendant has been and will continue to copy any correspondence and legal process that may be intended for Plaintiffs and send the copies to Plaintiffs' counsel.  In exchange, Plaintiffs will pay the copy costs and shipping costs to Defendant.

2. <u>Legal Analysis.</u>

The elements necessary to obtain a temporary restraining order are as follows: (1) a strong or substantial likelihood of success on the merits; (2) irreparable harm has been suffered and will continue to suffer unless Defendant's conduct is enjoined; (3) the issuance of the temporary restraining order will not result in substantial harm to others;

and (4) that the public interest is advanced by the injunction. Fed.Civ.R. 65, *Michigan State AFL-CIO v.Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).  The foregoing factors are not prerequisites, but rather are factors which the Court should balance.  *Chabad of S. Ohio & Congregation Lubavitch v. City of Cinicnnati*, 363 F.3d 427 (6th Cir. 2004).

      To show a strong or substantial likelihood of success on the merits the Court must determine whether the unauthorized use of the trademark will likely cause confusion.  *See* 15 U.S.C. §1114, *Kellogg Co. V. Exxon Corp.*, 209 F.3d 562, 568 (6th Cir. 2000).  There are several factors to consider when analyzing whether a disputed mark will cause confusion.  They are (1) the strength of the senior mark; (2) the relatedness of the goods or services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the likely degree of purchaser care; (7) the intent of the defendant in selecting the mark; and (8) the likelihood of expansion of the product lines.  *Id.*  Although these factors are "simply a guide," a complete analysis must be attempted.  *Id.*

      Plaintiffs argue that there is a strong likelihood of success on the merits due to the registered nature of the trademark "UNIFUND" which is *prima facie* evidence of its ownership and exclusive right to use the mark.  15 U.S.C. §1115.  Plaintiffs further argue that they have been using the "UNIFUND" name since at least 1985 and have had the mark registered since 1998 where as Defendant incorporated Unifund CCR Partners, Inc. on July 3rd of this year.  Further Plaintiffs argue that actual confusion has been shown since Defendant is receiving correspondence and legal process that is intended for Plaintiffs.

Defendant counters that any confusion that is being caused is being caused by the Plaintiffs as they have failed to properly register in the state of Florida. Defendant further counters that it is not in the same business as Plaintiffs and thus they are not interacting with the same customers or clients. To support Defendant's argument, he attaches certain documents from the Florida Secretary of State's webpage to his pleading (Doc. 10). These documents show that (1) the corporation incorporated by Defendant, Unifund CCR Partners, Inc., is an active corporation in Florida (Exhibit 1-A); (2) Unifund Services Corporation, cross referenced as Unifund Corporation, an Ohio corporation registered as a foreign corporation for profit in Florida and presumably Plaintiff in this matter, has been in "inactive" status since September 21, 2001 for failure to file an annual report (Exhibit 3A); and (3) that Plaintiff Unifund CCR Partners is registered as a Fictitious Name in Florida owned by Credit Card Receivables Fund Incorporated, an Ohio corporation registered as a foreign corporation for profit in Florida (Exhibit 3A). However, since the filing of Defendant's response, Credit Card Receivable Fund Incorporated has become an inactive corporation, as of September 15, 2006, due to its failure to timely file an annual report. Thus, from the evidence currently before this Court, it would appear that Plaintiff does not currently have a properly authorized registered agent in Florida and that Plaintiff is indeed adding to the confusion.

However, the fact that Plaintiffs do not have a registered agent does not in itself prove that Plaintiffs would not likely succeed on the merits. Plaintiffs have used the mark since at least 1985 and have had it registered with the United States Patent and Trademark Office since 1998. It is unclear from the record exactly what business Unifund CCR Partners, Inc. is in but Defendant asserts that it is not the same as

Plaintiffs' business. Clearly, the marks are very similar as Defendant is using the name "Unifund" and is using it connection with "CCR Partners," the exact name used by Plaintiffs in Ohio. Furthermore, the evidence does show an actual confusion that is continuing to occur. Based upon the factors set forth in *Kellogg Co., supra*, the Court finds that Plaintiffs have shown a likelihood of success against Unifund CCR Partners, Inc. However, Unifund CCR Partners, Inc. is not a party to this litigation. Plaintiffs have named Peter Salomon, individually, as the sole Defendant. Although Mr. Salomon did not raise this argument in his response or in the hearing, a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is clear from the exhibits attached to Defendant's response (Doc. 10) that Mr. Salomon was the incorporator of Unifund CCR Partners, Inc. and that Mr. Salomon is the registered agent and sole officer of Unifund CCR Partners, Inc. It is unclear if he is the sole shareholder or not; however, that evidence is not relevant. Unifund CCR Partners, Inc. is a separate, stand alone corporate entity and Mr. Salomon is entitled to the protection of that corporate veil.[2] The Court finds that there is not a likelihood of success on the merits against Mr. Salomon, in his individual capacity.

     Furthermore, even if Plaintiffs have shown a likelihood of success on the merits as to Mr. Salomon, the Court does not currently find irreparable harm based upon the agreement made by the parties on the Record that Defendant will forward copies of all

---

[2]There has been no evidence submitted to support an argument to pierce the corporate veil.

correspondence and legal process to Plaintiffs.

Thus, the Motion for a Temporary Restraining Order is hereby Denied.  Plaintiffs are hereby, *sua spante,* given leave to file an amended complaint on or before October 16, 2006 naming Unifund CCR Partners, Inc. as a Defendant in this matter.  Defendant shall continue to copy any correspondence and legal process that may be intended for Plaintiffs and send the copies to Plaintiffs' counsel until further order of this Court.  Plaintiffs shall continue to pay the copy costs and shipping costs to Defendant until further order of this Court.

**IT SO ORDERED**.

                                                s/Michael R. Barrett
                                                Michael R. Barrett, Judge
                                                United States District Court